USCA1 Opinion

 

 March 27, 1995 [NOT FOR PUBLICATION] UNITED STATE COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1302 UNITED STATES, Appellee, v. PORFILIO MARTINEZ MEJIA, Petitioner, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ J. Michael McGuinness, McGuinness & Parlagreco on brief for ______________________ _________________________ appellant. Sheldon Whitehouse, United States Attorney, Margaret E. Curran __________________ ___________________ and Zechariah Chafee, Assistant United States Attorneys, on brief for _________________ appellee. ____________________ ____________________ Per Curiam. Appellant Porfilio Martinez-Mejia appeals __________ the denial by the United States District Court for the District of Rhode Island of his pro se "motion to correct ___ __ presentence investigation report." Since this motion was filed after the time for a direct appeal had expired, we treat the motion as one pursuant to 28 U.S.C. 2255. Martinez-Mejia, now represented by counsel, raises three issues. First, he asserts certain factual "inaccuracies" in the presentence report [PSR]. Second, he claims that the district court erred in accepting the recommendation of the PSR and denying him a two level reduction for acceptance of responsibility. Finally, he notes that the PSR states that he was convicted of conspiracy to possess with intent to distribute more than 500 grams of cocaine, whereas the judgment lists the offense as possession with intent to distribute more than 500 grams of cocaine. Neither of the first two asserted claims alleges a constitutional or a jurisdictional error. Since Martinez- Mejia failed to pursue either claim on direct appeal, any error would warrant reversal only in "exceptional circumstances" and only if the error resulted in a "complete miscarriage of justice." Knight v. United States, 37 F.3d ______ _____________ 769, 772 (1st Cir. 1994). We have reviewed carefully the record in this case and find nothing which indicates that justice miscarried. -3- As to third claim, Martinez-Mejia suffered no discernible prejudice from the variance between the offense as listed on the PSR and the offense as listed on the judgment. Nonetheless, we direct the district court to correct the record as appropriate. See Fed. R. Crim. P. 36. ___ Affirmed. ________ -4-